

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00161-CR

**JOSHUA DOMINGO LOREDO,**

                                                  **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                  **Appellee**

---

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2014-2310-C2**

---

## MEMORANDUM OPINION

---

Joshua Domingo Loredo was convicted of the felony offenses of aggravated sexual assault and assault-family violence by occlusion. *See* TEX. PENAL CODE ANN. §§ 22.01; 22.021 (West 2011). In separate judgments, Loredo was sentenced to 45 years and 10 years, respectively, in prison.

Loredo's appellate attorney filed an *Anders* brief in this appeal. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Loredo was informed of

his right of access to the appellate record and his right to submit a brief or other response on his own behalf. He did not request access to the appellate record and did not submit a brief or response.

Counsel asserts in the *Anders* brief that counsel reviewed the reporter's record and clerk's record, including the judgments and sentences for each offense, the factual bases for each sentence, and the sufficiency of the evidence to support the offense of aggravated sexual assault. Because Loredo pled guilty to the offense of assault-family violence, counsel also reviewed the trial court's compliance with article 26.13 of the Code of Criminal Procedure and Loredo's mental competency to plead guilty. Counsel concludes that counsel is unable to find any non-frivolous error.

Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *See Anders*, 386 U.S. at 744; accord *Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *Id*. at 436.

An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford*, 813 S.W.2d at 511.

After reviewing counsel's brief and the entire record in this appeal, we determine the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgments.

Should Loredo wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's motion to withdraw from representation of Loredo is granted, and counsel is permitted to withdraw from representing Loredo. Additionally, counsel must send Loredo a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with

Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; see *also In re Schulman*, 252

S.W.3d at 409 n.22.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Motion granted
Opinion delivered and filed August 10, 2016
Do not publish
[CRPM]

